LEWIS *vs.* THE CITY OF ELIZABETH and AITKIN, Comptroller.

1. Under an injunction bill against city authorities to restrain a sale of complainant's land to pay an alleged fraudulent and void assessment for street improvements, an order for proof was entered by default. Order set aside on the ground of surprise.

2. A municipal corporation has a much stronger claim for relief against the consequence of delay and negligence of the officer upon whom the charge of its litigation is devolved, than an individual acting for himself in his own interest, would have against the consequences of the neglect of his solicitor or counsel.

3. A party aggrieved by an illegal assessment, has his remedy at law, and when that is adequate and ample, equity will not interfere.

4. In this case no fraud is shown, except by vague and inconsequential statement, and if there was, the complainant is bound by his laches. The improvements for which the assessment was made, were all paid for long before the bill was filed.

5. No irreparable injury will be done by enforcing the payment of the assessment.

On motion to set aside order for proofs, and to dismiss the bill.

*Mr. R. E. Chetwood,* for the motion.

*Mr. W. J. Magie,* contra.

THE CHANCELLOR.

On the 15th of January, 1873, the complainant filed his bill, stating that on the 26th of July, 1870, he was the owner of part, and at the time of filing the bill, the owner of the whole, of a lot of land in Elizabeth, lying on Reid street; that on that property there had been assessed $7307.06, by an assessment, ratified October 16th, 1871, for grading and paving that street from Magnolia street to Elizabeth avenue, and curbing and flagging the sidewalks ; that on the 26th of July, 1870, the city made a contract for the work with the Nicholson Pavement Company of New York ; that the contract was not only for furnishing and laying the pavement, (which was to be a wooden one and was the subject of a patent right,) but also, for the rest of the work, the grading, curbing and flagging ; that the work was all included in one ordinance, and that proposals were called for by the city for the entire work in one bid ; that by this action, those who might have bid for the grading, curbing and flagging, or some or one of them, were prohibited from so doing, and the above mentioned company, who controlled the right to lay the pavement, were necessarily the only bidders for the entire work, and that this was contrary to the one hundred and twenty-third section of the city charter, which provides that all contracts for doing work or furnishing materials for any improvement under the charter, exceeding in amount $100, shall be advertised for three weeks in a newspaper published or circulating in the city, and shall, at all times, be given to the lowest bidder, he or they giving ample and satisfactory security for doing the work.  The bill further states that it had recently, before the filing of the bill, come to the knowledge of the complainant, that the amounts charged for the work, were very much in excess of a fair price, and that the company immediately sub-contracted the job to other parties for from

$3000 to $4000 less than the price the city had agreed to pay. It also alleges that the above mentioned assessment had been put on the complainant's property in respect of that work, and that by reason of the facts above stated, the assessment is rendered void, but yet is an apparent lien on the complainant's premises. The bill further states that the comptroller of the city threatened to sell the complainant's land, under the charter, for payment of the assessment, the sale to take place on the 15th of January, 1873. The complainant, by the bill, insists that the assessment was fraudulent and void and ought not to be maintained as against him or his property, and that it constitutes no valid lien on the latter, and he alleges that if the sale be allowed to take place, it will create an apparent lien and a cloud on his title and diminish the saleable value of the property. The bill prays an injunction merely. The injunction was refused by the late Chancellor, but an order to show cause with a temporary stay of proceedings was granted by him. An order for proofs was entered by default in July, 1873, but no subsequent steps were taken in the cause until the motion now under consideration. The defendants allege that the omission on their part to take any action in the cause, was attributable to the negligence of the counsel of the city, the law officer who was charged with the defence of the suit, and that the order for proofs is a surprise to them. That order ought to be set aside, on the ground of surprise. The negligence of the officer, upon whom the charge of its litigation is devolved by a municipal corporation, furnishes a much stronger claim to relief, on such an application as this, than the neglect of counsel would in the case of an individual acting for himself in his own interest.

The merits of the case as presented by the bill, were very fully discussed by the counsel of the parties on the argument, and under the circumstances, I deem it proper to consider and dispose of the application for dismissal, made by the defendants' counsel.

The complainant, if he felt aggrieved by the ordinance and

proceedings brought in question in this suit, had a remedy at law by *certiorari,* which would have been adequate and ample for his relief, against any illegality or material irregularity or informality in them. He does not appear to have availed himself of that remedy, nor does he even offer any reason or excuse for not having done so. Again, his application to this court has been marked by delay, which he does not attempt to account for. The assessment was ratified on the 16th of October, 1871, yet he took no action in this court until the 15th of January, 1873, more than a year afterwards, and nearly three years after the passage of the ordinance under which the contract was made and the work done. The bill does not question the right of the city to pass the ordinance or to make the contract, but alleges that the ordinance, in contravention of a provision of the charter intended to secure competition for such work, combined the curbing, grading and flagging with the paving, and so prevented competition. This objection was patent on the face of the ordinance, and the complainant might have availed himself of it at law, as a ground for setting aside the ordinance. Nor, beyond the mere charge, is there any fraud set up in the bill. There is, indeed, nothing which looks in that direction, unless it be the statement that it had recently come to the complainant's knowledge, that the amounts charged for the work were very much in excess of a fair price, and that the company immediately after they obtained the contract, sublet the job at a profit of from $3000 to $4000. This vague and inconsequential statement, is by no means sufficient to induce this court to hold the case. Besides, for relief on any such grounds, it was the duty of the complainant to be diligent in his application here. *Bond* v. *Mayor, &c., of Newark,* 4 *C. E. Green* 376 ; *Liebstein* v. *Mayor, &c., of Newark,* 9 *C. E. Green* 200. It does not appear by the bill, when the work was, by the terms of the contract, to be finished, but it was, undoubtedly, not only completed but paid for, long before the bill was filed, for the assessment was ratified in October, 1871. The bill does not put the claim for relief distinctly on the ground of

fraud, but alleges that by reason of the facts set forth, (all of which are above referred to,) the ordinance is void, and that though the assessment is no actual lien, it is an apparent one, and, therefore, a cloud on the complainant's title. The objection to the ordinance and proceedings, is an objection to their legality, and is apparent on their face. There is no allegation of irreparable injury to be inflicted by enforcing the payment of the assessment, nor would any in fact be done. There is no ground for the interference of this court. *Morris Canal and Banking Company* v. *Jersey City*, 1 *Beas.* 252; *Liebstein* v. *Mayor, &c., of Newark, supra.*

The order to show cause will be discharged, and the bill dismissed, but without costs.